UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mathew Lasco,                                            Civil No. 06-0242 (PAM/FLN)

                 Petitioner,

v.

                                                **ORDER**

Warden R. L. Morrison,

                 Respondent.

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Franklin L. Noel on May 25, 2006. Although the Objections are untimely,[1] the Court will address their substance.

The R&R recommended that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 be granted to the extent Petitioner requests a community corrections center ("CCC") eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21. The R&R recommended that the Petition be denied to the extent Petitioner seeks immediate transfer to a CCC or immediate determination of his CCC eligibility date. Petitioner objects to the R&R's partial denial and seeks an immediate evaluation and transfer to a CCC.

The Court overrules the Objections. While the Bureau of Prisons ("BOP") must make an individualized determination of Petitioner's eligibility, neither Fults v. Sanders, 442 F.3d

---

[1] Objections were due on June 14, 2006, and Petitioner filed his Objections on June 19, 2006.

1088 (8th Cir. 2006),[2] nor any other authority requires the BOP to conduct an eligibility review or immediately transfer a prisoner to a CCC on demand by the prisoner. The BOP will determine Petitioner's eligibility for CCC placement in accordance with Program Statement 7310.04, which does not contain the procedures Petitioner challenges in this action. Consistent with that Program Statement, the BOP will evaluate Petitioner's eligibility eleven to thirteen months before his projected release date. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Objections (Docket No. 13) are **OVERRULED**.

Dated: July 11, 2006

                                                s/ Paul A. Magnuson  
                                                Paul A. Magnuson  
                                                United States District Court Judge

---

[2] In Fults, the Eighth Circuit held that 28 C.F.R. §§ 570.20 and 570.21 were invalid because they conflicted with 18 U.S.C. § 3621(b), which gives broad discretion to the BOP to determine the location of an inmate's imprisonment. 442 F.3d at 1091-92.